**SO ORDERED.**

**SIGNED this 30th day of September, 2014.**





Robert E. Nugent
United States Chief Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

IN RE: )
)
JOHANNA VANLANDINGHAM, ) Case No. 13-12642
) **Chapter 13**
Debtor. )
_____)

## MEMORANDUM OPINION

Chapter 13 provides an orderly means for debtors to resolve financial difficulties by repaying their unsecured creditors, at least in part, over the life of their plans. Under 11 U.S.C. § 1325(b)(1)(B), (b)(2) and (b)(3), above-median-income debtors must pay their projected disposable income, as calculated under 11 U.S.C. § 707(b)(2)(A) and (B), to the unsecured pool during the applicable commitment period which is usually five years. The question presented here is whether a debtor's

1

voluntary contributions to a 401(k) plan that first began after debtor filed her bankruptcy petition may be excluded from the calculation of disposable income. Contributions for 401(k) or other defined contribution retirement plans are not among the enumerated deductions in § 707(b)(2)(A), but § 541(b)(7) excludes wages withheld for that purpose from property of the estate and further provides that these withholdings "shall not constitute disposable income" as it is defined in § 1325(b)(2).

Shortly before she filed this chapter 13 bankruptcy, Johanna Vanlandingham submitted paperwork to enroll in her employer's 401(k) plan, but her 401(k) contributions via payroll deduction did not actually commence until after she filed her case. She had not previously participated in her employer's plan. On Official Form 22C, she deducted those 401(k) contributions from her disposable income as Line 55 invites her to do. The trustee objects to confirmation of her plan and contends that the § 541(b)(7) safe harbor only applies to retirement contributions that were established before the petition date; as a result, debtor is not entitled to exclude the 401(k) contributions from the calculation of disposable income and she is not contributing all of her projected disposable income to the plan. I conclude that, while the § 541(b)(7) exclusion from disposable income is oddly placed, nothing in the Code requires that a debtor have established 401(k) contributions prior to filing a chapter 13 case. Consistent with the "forward looking approach" of projected disposable income articulated by the Supreme Court in *Lanning* and in the absence of a lack of

2

good faith objection under § 1325(a)(3), the debtor's plan should be confirmed.[1]

Facts

On the same date that Ms. Vanlandingham filed her chapter 13 bankruptcy and chapter 13 plan, her prepetition enrollment in her employer's 401(k) retirement plan was confirmed.[2] She elected to contribute $68.13 to her 401(k) plan by payroll deduction each paycheck, or 4%. Ms. Vanlandingham was paid on a bi-weekly basis and the first payroll deduction for her 401(k) contribution covered the post-petition pay period of October 12-25, 2013. She has been employed by Cox Communications since 2003, but had not been enrolled in Cox's 401(k) plan prior to October 10, 2013. Ms. Vanlandingham is an above-median-income debtor, divorced, and has no dependents.

On Form 22C – the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, Ms. Vanlandingham deducted on Line 55 her monthly 401(k) contribution of $151.67 from her disposable income calculation.[3] This exclusion, along with the allowed expense deductions from current monthly income [CMI] under § 707(b)(2), yields negative projected disposable income of <$45.25> on Line 59 of Form 22C, resulting in no distribution to unsecured

---

[1] The debtor Johanna Vanlandingham appears in person and by her attorney William Fields. The chapter 13 trustee Laurie B. Williams appears by her attorney Karin Amyx.
[2] Ex. 1.
[3] Ex. A. Extrapolating the amount of debtor's bi-weekly 401(k) contribution to a monthly amount yields $147.62. Debtor has overstated her monthly 401(k) contribution on Form 22C by $4.00.

3

creditors.[4]

Ms. Vanlandingham originally proposed to pay $320 for 60 months.[5] Plan payments would be applied to her attorney's fees of $2,783, tax claims of about $7,500, and a 910-car loan creditor. Unsecured creditors would receive nothing. The plan provided that her home mortgage loan would be paid outside the plan. The chapter 13 trustee objected to confirmation of this plan on grounds of feasibility and that debtor was not committing all of her projected disposable income to paying unsecured creditors under § 1325(b)(1)(B). The trustee objected to debtor's deduction of her 401(k) contribution from the calculation of disposable income.

Ms. Vanlandingham filed an amended plan in April 2014.[6] This plan proposed to make $320 monthly payments for 6 months and $218 payments for the remaining 54 months. This was prompted by the debtor's post-petition surrender of a vehicle and purchase of a 2010 Mustang with borrowed money. The new car loan (approved by the trustee) would be paid outside the plan at $380 per month.[7] The trustee reiterated her objections to confirmation. Under either plan, the unsecured creditors, who hold claims totaling $71,347 would receive no distribution.

---

[4] Because Ms. Vanlandingham is an above median income debtor, her reasonably necessary expenses for purposes of calculating her disposable income are determined by reference to the means test in § 707(b)(2)(A) and (B). *See* § 1325(b)(3).

[5] Ex. B.

[6] Ex. D.

[7] Contemporaneous with the amended plan, debtor filed an amended Schedule J which reflected the Mustang loan payment amount and increased debtor's monthly expenses from $2,484 to $2,592. *See* Dkt. 34.

4

With respect to feasibility, the trustee demonstrated that the amended plan was short approximately $1,100 of paying the administrative expenses and tax claims in full.[8] However, debtor is willing to pay an additional $20 per month to cover the shortfall and make the plan feasible. Thus, confirmation of Ms. Vanlandingham's amended plan turns on the disposable income objection – whether the 401(k) contribution should be excluded from the disposable income calculation. The chapter 13 trustee completed an adjusted Form 22C – removing the deduction for debtor's 401(k) contribution on Line 55 (*i.e.* including it in disposable income), together with other unspecified minor adjustments, and arrived at monthly projected disposable income of $145.65 rather than <$45.25>.[9] This change in disposable income yields payment of $5,956 on unsecured claims, or an 8.348% dividend.[10] Thus, if the trustee's legal objection is sustained and her disposable income calculation is correct, Ms. Vanlandingham's amended plan cannot be confirmed.

Analysis

Determining whether voluntary retirement contributions may be excluded from a chapter 13 above-median-income debtor's projected disposable income

---

[8] Ex. G.
[9] Ex. H. The Court observes that the trustee's version of Form 22C does not take into account the future secured debt payments on the 2010 Ford Mustang on Line 28 or 47. The monthly car loan payment is $380, compared with the average monthly payment of $105.19 listed by the trustee. As noted previously, the 910-car securing the previous car loan payment was surrendered under the amended plan and replaced with the post-petition purchase of the 2010 Mustang.
[10] Ex. I.

5

calculation starts with the statutory language. Section 1325(b)(1)(B) requires that a debtor's plan pay all of her projected disposable income received during the applicable commitment period to unsecured creditors. As pertinent here, § 1325(b)(2)(A) defines 'disposable income' as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended" for the maintenance or support of the debtor or debtor's dependents that first becomes payable after the date the petition is filed. The expense side of the disposable income equation—"amounts reasonably necessary to be expended for the maintenance or support of the debtor"—is not a defined phrase, but when the debtor is an above-median-income debtor as here, § 1325(b)(3) requires that those deductions or expenses be determined in accordance with certain of the means test components, § 707(b)(2)(A) and (B). That statute enumerates a number of allowed deductions or expenses from current monthly income and how the amount is determined.[11] Some expenses such as housing, transportation, and food are standardized amounts determined by reference to IRS tables given the debtor's locale and household size (*i.e.* applicable monthly expenses).[12] Other allowed deductions for "Other Necessary Expenses" such as health insurance expense are not standardized amounts but are determined by the

---

[11] § 707(b)(2)(A)(ii)-(iv). Section 707(b)(2)(B) covers additional necessary and reasonable expenses that qualify as "special circumstances." The debtor does not contend that her voluntary 401(k) contributions are allowable deductions under the special circumstances provision.

[12] § 707(b)(2)(A)(ii)(I).

6

actual monthly expense incurred by the debtor.[13] There is no specific allowance for voluntary retirement contributions in § 707(b)(2)(A) or (B) and the only provision possibly covering such contributions is the category of "Other Necessary Expenses" in § 707(b)(2)(A)(ii)(I). But the case law interpreting this category consistently disallows voluntary payroll deductions for retirement plan contributions as an Other Necessary Expense.[14] In short, nothing in § 1325(b)(2) or by incorporation, § 707(b)(2)(A) and (B), explicitly authorizes voluntary retirement contributions as an allowable expense or deduction in calculating disposable income in a chapter 13 case. If this were the only statute in play, my analysis would end and the trustee would

---

[13] *Id.*

[14] *In re Maura,* 491 B.R. 493, 507 (Bankr. E.D. Mich. 2013) (chapter 7 case; voluntary 403B retirement contributions are like voluntary 401(k) contributions, not required by employer and not deductible); *In re Prigge,* 441 B.R. 667, 677 (Bankr. D. Mont. 2010) (chapter 13 case; voluntary 401(k) contributions are not allowable expenses in disposable income calculation); *In re Parks,* 475 B.R. 703 (9th Cir. B.A.P. 2012) (chapter 13 above-median income debtor; deduction for voluntary postpetition 401(k) contributions not allowed in calculating disposable income); *In re Scarafiotti*, 375 B.R. 618, 635 (Bankr. D. Colo 2007) (chapter 7 case; for purposes of bankruptcy statute, other necessary expenses specified by IRS are exclusive and retirement plan contributions do not qualify). The IRS guidelines listing "Other Necessary Expenses" are nonexclusive but do not include voluntary deductions for retirement contributions. *See* Internal Revenue Manual ("Manual"), Financial Analysis Handbook § 5.15.1.10 (Oct. 2, 2012) at http://www.irs.gov/irm/part5/irm_05-015-001.html#d0e1954. If the claimed expense is not encompassed by one of the listed categories, it must meet the necessary expense test: the expense is necessary to provide for the health and welfare of the taxpayer and his family or the production of income. *See* Manual § 5.15.1.7(1). Further, the IRS guidelines expressly state that voluntary contributions to retirement plans are not necessary expenses. *See* Manual § 5.15.1.27(2). In a chapter 13 case, line 31 of Official Form 22C is the line for deducting Other Necessary Expenses under § 707(b)(2)(A)(ii)(I) and it allows "deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.**"

7

prevail on her objection to confirmation. But it isn't.

In what has been described as an "oddly-worded 'hanging paragraph,'"[15] "awkward,"[16] and a "Gordian knot,"[17] Congress amended § 541 in 2005 with the enactment of BAPCPA and directly spoke to voluntary retirement contributions when determining disposable income under § 1325(b)(2). Much of the interpretative dispute results from the placement of the chapter 13 "disposable income" concept in a statute that defines what constitutes "property of the estate." Section 541(a) defines, in part, property of the estate in a chapter 13 case; it includes all legal or equitable interests of debtor in property as of the commencement of the case, unless excluded by § 541(b).[18] In a chapter 13 case property of the estate is supplemented by § 1306(a). Specifically, § 1306 also includes as property of the estate § 541 property that is acquired postpetition *and* postpetition earnings. Section 541(b) describes property that is excluded from property of the estate. Section 541(b)(7) provides in part:

> (b) Property of the estate does not include –
> . . .
> (7) any amount –
>    (A) withheld by an employer from the wages of employees for payment as contributions –
>       (i) to –
>          (I) an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act [ERISA] of 1974 or under an

---

[15] *In re Drapeau,* 485 B.R. 29, 34 (Bankr. D. Mass. 2013).
[16] *Id.* at 36.
[17] *In re Jensen,* 496 B.R. 615, 620 (Bankr. D. Utah 2013) (noting the cumbersome grammar courts have sought to unweave).
[18] Section 541(a)(1).

8

employee benefit plan which is a governmental plan under section 414(d) of the Internal Revenue Code of 1986;

(II) a deferred compensation plan under section 457 of the Internal Revenue Code of 1986; or

(III) a tax-deferred annuity under section 403(b) of the Internal Revenue Code of 1986;

*except that such amount under this subparagraph shall not constitute disposable income as defined in section 1325(b)(2); . . .*[19]

The courts are divided on the meaning of § 541(b)(7)'s hanging paragraph and its interplay with § 1325(b)(2)'s calculation of disposable income in a chapter 13 case. Three lines of cases have developed, though the fact patterns in each differ. The first, articulated in *In re Johnson*[20] concludes that both prepetition and postpetition 401(k) contributions are excluded from the calculation of disposable income, whether or not debtor was making contributions at commencement of the case.[21] This view purports

---

[19] 11 U.S.C. § 541(b)(7)(A). Emphasis added.
[20] 346 B.R. 256 (Bankr. S.D. Ga. 2006).
[21] Cases following *Johnson* view: *In re Drapeau,* 485 B.R. 29 (Bankr. D. Mass. 2013) (lack of plan contributions on petition date will not necessarily bar debtor, on good faith grounds, from deducting retirement contribution from disposable income); *In re Hall,* 2013 WL 6234613 (Bankr. N.D. Ill. Oct. 22, 2013) (agreeing with the *Seafort* dissent; case involved continuing prepetition 401(k) contributions); *In re Egan,* 458 B.R. 836 (Bankr. E.D. Pa. 2011) (no reference in § 541(b)(7) to petition date being determinative; post-petition retirement contributions may exceed prepetition contributions and are excluded); *In re Devilliers,* 358 B.R. 849 (Bankr. E.D. La. 2007) (retirement contributions excluded from calculation of disposable income and are not modified by necessary and reasonable limitation); *In re Njuguna,* 357 B.R. 689 (Bankr. D. N.H. 2006) (below-median income case); *In re Leahy,* 370 B.R. 620 (Bankr. D. Vt. 2007) (chapter 7 case; § 541(b)(7) exclusion from property of estate not limited to "gap" period amounts, but applied to all amounts withheld from debtor's wages as contributions to retirement annuity without regard to the timing of the contributions); *In re Garrett,* 2008 WL 6049236 (Bankr. M.D. Fla. 2008) (401(k) contributions not included in disposable income without regard to whether a debtor is below- or above-median income); *In re Glisson,* 430 B.R. 920 (Bankr. D. Ga. 2009); *In re Melander,* 506 B.R. 855 (Bankr. D. Minn. 2014) (post-petition continuation of voluntary retirement contributions that debtor had made for the last 14 years allowable expense excluded from disposable income where no suggestion

9

to look to the plain meaning of § 541(b)(7)'s hanging paragraph to find that "Congress has placed retirement contributions outside the purview of a Chapter 13 plan," subject only to nonbankruptcy law limitations on allowable contribution amounts and the Code's good faith requirement for confirmation.[22] These courts reason that because debtors are not required to contribute income withheld for qualified retirement contributions to their chapter 13 plans under § 541(b)(7), they may commence or increase those contributions postpetition as the Johnsons sought to do.

A second view was expressed by the Sixth Circuit Court of Appeals in *In re Seafort*[23] where it held that if chapter 13 debtors repaid their 401(k) loans before completing their plan, the resulting surplus income was disposable income that could not be used to make voluntary retirement contributions to their 401(k) plans. Instead, that surplus was to be committed to the distribution to unsecured creditors. In *Seafort*, the debtors filed their bankruptcy petitions while repaying 401(k) loans but

---

that debtor was motivated by bad faith); *In re Gibson,* 2009 WL 2868445 (Bankr. D. Idaho Aug. 31, 2009) (debtors had decided prepetition to begin contributions to their employer-sponsored 401(k) plan but first contribution withheld from paycheck occurred 10 days after petition filed; whether debtor had been making contributions prepetition "is of no moment" in the disposable income analysis because the Code expressly excepts them).

[22] *In re Johnson,* 346 B.R. at 263 (quoted language). Section 1325(a)(3) requires that the plan be proposed in good faith and not by any means forbidden by law. In this Circuit, the test of good faith as set forth in *Flygare v. Boulden,* 709 F.2d 1344 (10th Cir. 1983) (adopting Eighth Circuit *Estus* factors) generally governs. *But see In re Cranmer,* 697 F.3d 1314 (10th Cir. 2012) (because Bankruptcy Code § 101(10A)(B) excludes social security income benefits from "current monthly income" and the calculation of disposable income in chapter 13 plan, their exclusion by debtor cannot constitute lack of good faith); *In re Shelton,* 370 B.R. 861, 866 (Bankr. N.D. Ga. 2007) (excluded income could be considered in determining whether chapter 13 plan was proposed in good faith).

[23] *Seafort v. Burden (In re Seafort),* 669 F.3d 662 (6th Cir. 2012).

not making contributions to their 401(k) plans. They proposed to complete their loan payments and then resume contributing to the retirement plan. The Sixth Circuit concluded that the surplus created after their loans were repaid was disposable income and not covered by § 541(b)(7)'s hanging paragraph and that only those 401(k) payments or contributions being made on the petition date were excluded from projected disposable income.[24] Under the *Seafort* view, a debtor may not exclude 401(k) contributions that began after commencement of the case, nor can a debtor increase the amount of prepetition contributions after filing. Instead, debtors must "step up" their plan payments to account for the funds realized after the 401(k) loan payoff.[25]

A third view expressed in *In re Prigge,*[26] holds that no voluntary post-petition contributions to debtor's 401(k) plan, whatever the amount, are excluded from disposable income.[27] Had Congress intended to exclude postpetition voluntary 401(k) contributions from disposable income, it would have placed the provision within the

---

[24] Cases following *Seafort* view: *In re Read,* __ B.R. __, 2014 WL 4104736 (Bankr. E.D. Wis. Aug. 19, 2014) (because debtor was not making retirement contributions at the time she filed her case, retirement contributions started post-petition not excluded from disposable income); *In re Melander,* 506 B.R. 855 (Bankr. D. Minn. 2014) (post-petition retirement contributions protected and not included in projected disposable income where debtor had voluntarily contributed same amount prepetition for past 14 years).
[25] *Seafort,* 669 F. 3d at 673; *In re Afko,* 501 B.R. 202, 206-07 (Bankr. S.D. N.Y. 2013) (debtors sought to use retirement loan repayment savings as a cushion for unanticipated living expenses).
[26] 441 B.R. 667 (Bankr. D. Mont. 2010).
[27] Cases following *Prigge* view: *In re Parks,* 475 B.R. 703 (9th Cir. BAP 2012); *In re McCullers,* 451 B.R. 498 (Bankr. N.D. Cal. 2011).

11

confines of chapter 13 itself, as it did for retirement loan repayments in § 1322(f). The fact that it didn't was deliberate. The *Prigge* court focuses on 401(k) contributions as an "allowable necessary expense" under § 707(b)(2)(A) of the disposable income test.[28] Only in a footnote does the court cite § 541(b)(7) and conclude that its intent was to protect prepetition retirement withholding in the hands of employer's at the time of filing, by excluding them from property of the estate and post-petition disposable income.

My examination of the case law on this issue suggests that the majority of courts follow *Johnson*. While the Tenth Circuit Court of Appeals has yet to consider this issue, two bankruptcy courts in this District have concluded that 401(k) contributions do not constitute disposable income or satisfy the good faith requirement for confirmation, though several other bankruptcy courts in the Circuit have held to the contrary.[29] I conclude that the *Johnson* view, as explained and

---

[28] *Prigge* predates *Hamilton v. Lanning,* 560 U.S. 505, 130 S.Ct. 2464, 177 L.Ed 2d 23 (2010) and its forward-looking approach in calculating disposable income.

[29] *In re Puetz* 370 B.R. 386, 387, 392-93 (Bankr. D. Kan. 2007) (chapter 13 debtors' contributions to their employee retirement plans were not disposable income that debtors were required to contribute to plan); *In re Jensen,* 496 B.R. 615 (Bankr. D. Utah 2013) (adopting the *Seafort* BAP view in part; retirement contributions being made as of the petition date do not constitute disposable income and debtor may continue making the contributions; debtor's plan was proposed in good faith even though contributions started less than three months before petition filed); *In re Rodriguez,* 487 B.R. 275 (Bankr. D. N.M. 2013) (considering debtor's voluntary retirement contributions in the context of good faith requirement); *In re Jones,* No. 07-10902, 2008 WL 4447041 (Bankr. D. Kan. Sept. 26, 2008) (postpetition commencement of retirement contributions viewed under good faith test; court states that contributions not disposable income).

12

articulated in *Drapeau* [30] and *Hall,* [31] is the better reasoned rule excluding postpetition voluntary 401(k) or other qualified retirement contributions from the calculation of disposable income and adopt it here.

*Statutory Interpretation*

Statutory interpretation requires that the plain language of a statute be given effect. [32] Section 541(b)(7)'s hanging paragraph language does not distinguish between prepetition and postpetition amounts withheld for 401(k) contributions. Section 541(b)(7) explicitly excludes these contributions from disposable income. Section 1306 says that property of the chapter 13 estate consists of § 541 property "as of" *and* after commencement of the case, *plus* postpetition earnings. Contending that only prepetition retirement withholdings from earnings can be excluded from the property of a chapter 13 estate seems inconsistent with the forward- and backward-reaching scope of §1306.

It is much more congruent to read the § 541(b)(7) hanging paragraph as applying to 401(k) withholding from postpetition wages because the § 541(b)(7) exclusion from property of the estate refers to "any amount withheld," without any

---

[30] 485 B.R. 29 (Bankr. D. Mass. 2013).
[31] 2013 WL 6234613 (Bankr. N.D. Ill. Oct. 22, 2013).
[32] *In re Puetz,* 370 B.R. 386, 389-90 (Bankr. D. Kan. 2007) (citing *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), when language of statute is plain, court's function is to enforce it according to its terms). *See also, Kelly v. Robinson,* 479 U.S. 36, 43, 107 S.Ct. 353, 93 L.Ed. 2d 216 (1986) (the court looks not only to a single sentence or part of a sentence, but to the provisions of the whole law as to its object and policy).

temporal limitation. Moreover, § 1306 incorporates all of § 541, not just § 541(a), reading into the former section all of §541(b)'s inclusions and exclusions from property of the estate including the hanging paragraph of § 541(b)(7). Similarly, the term "*projected* disposable income" is a postpetition concept in the sense that § 1325(b)(1)(B) requires that all of debtor's disposable income "to be received" be devoted to the payment of creditors under the confirmed plan.[33] Amounts withheld from prepetition income for retirement contributions and paid to the retirement plan can never be "disposable income" under § 1325(b)(1)(B). Nothing in either § 541(b)(7) or § 1325(b) expressly conditions these exclusions on the debtor having begun to contribute before filing. Limiting the effect of the § 541(b)(7) exclusion to prepetition contributions or conditioning the exclusion of postpetition contributions upon the existence of pre-existing contributions would effectively nullify the exclusion in chapter 13 cases.

<u>*Legislative History*</u>

Prior to 2005, voluntary 401(k) contributions were part of "disposable income."[34] BAPCPA added two related exclusions from disposable income as it is defined in § 1325(b)(2), although neither exclusion was located within that

---

[33] Section 1325(b)(1)(B).
[34] *Behlke v. Eisen (In re Behlke),* 358 F.3d 429, 435-36 (6th Cir. 2004); *Taylor v. United States,* 212 F.3d 395, 396 (8th Cir. 2000); *In re Puetz,* 370 B.R. 386, 392-93 (Bankr. D. Kan. 2007) (noting that § 541(b)(7) was a new BAPCPA provision that changed the law; qualified retirement plan contributions are no longer included in calculating disposable income and are not required to be contributed toward their chapter 13 plan).

14

subsection. First, § 541(b)(7) excluded 401(k) and other qualified retirement contributions from "disposable income as defined in § 1325(b)(2)" and, second, § 1322(f) excluded 401(k) loan repayments as "disposable income under section 1325." Official Form 22C recognizes and implements these two exclusions as allowable deductions from disposable income at line 55.

When Congress enacted BAPCPA, it sought to protect debtors' retirement resources and to encourage them to voluntarily save for retirement.[35] Other provisions enacted at the same time demonstrate this. Section 362(b)(19) excepts withholding of income for loan repayments to a qualified retirement plan from the automatic stay. Generous exemptions of retirement funds may be claimed under § 522(b)(3)(C) and § 522(d)(12). And, as noted above, certain retirement loan repayments are excluded from disposable income by § 1322(f). The fact that Congress's exclusion of qualified retirement contributions appears in § 541 rather than § 1325(b)(2) may best be explained by the fact that as *excluded* income, the contributions were never included in disposable income in the first instance.[36] This also explains why the "exclusion" from disposable income appears at the end of Form 22C on line 55, rather than along with all of the allowed expense "deductions" from

---

[35] *In re Jensen,* 496 B.R. 615, 621 (Bankr. D. Utah 2013) (Congress sought to strike a balance between protecting chapter 13 debtors' ability to save for their retirement and requiring debtors to pay their creditors the maximum amount they can afford to pay).
[36] *See In re Devilliers,* 358 B.R. 849, 864-65 (Bankr. E.D. La. 2007) (noting that unlike other expense deductions allowed by §§ 707(b)(2) and 1325(b)(2), there is no requirement that retirement contributions be reasonable or necessary; they are so by their very nature.).

15

disposable income at Part IV, lines 24A-52 of Form 22C.[37] In short, *Johnson*'s interpretation of § 541(b)(7)'s hanging paragraph is most consistent with promoting the legislative policy of protecting and encouraging retirement savings. There is no reason to protect postpetition 401(k) loan repayments, but not postpetition 401(k) contributions in chapter 13.

In its report on BAPCPA, the House Judiciary Committee made its intentions concerning employee retirement contributions very clear--

> Sec. 323 Excluding Employee Benefit Plan Participant Contributions and Other Property from the Estate
>
> Section 323 of the Act amends section 541(b) of the Bankruptcy Code to exclude as property of the estate funds withheld or received by an employer from its employees' wages for payment as contributions to specified employee retirement plans, deferred compensation plans, and tax-deferred annuities. *Such contributions do not constitute disposable income as defined in section 1325(b)(2) of the Bankruptcy Code.* Section 323 also excludes as property of the estate funds withheld by an employer from the wages of its employees for payment as contributions to health insurance plans regulated by State law.[38] [emphasis added].

Like the statute itself, there are no temporal or other limitations made on retirement contributions. This House Report's direct statement is further support for concluding

---

[37] *See In re Johnson,* 346 B.R. at 266 (Instructions for completion of Form 22C are entitled to considerable deference as the practical means by which above-median income debtors compute disposable income.).

[38] H.R. Rep. No. 109-31, Pt. 1, 109th Cong., 1st Sess., 2005 WL 832198 at *82, 2005 U.S.C.C.A.N. 88, 149 (Apr. 8, 2005). *See also,* H.R. Rep. No. 109-31, 2005 WL 832198 at *2 (BAPCPA allows debtors to shelter from the claims of creditors certain education IRA plans and retirement pension funds).

16

that Congress sought to foster a policy of protecting and encouraging retirement savings over the competing policy of making debtors pay their creditors the maximum they can afford to pay.[39]

*Lanning*

The *Johnson* view is also consistent with the Supreme Court's "forward looking approach" to the definition of "projected disposable income" as announced in *Hamilton v. Lanning*.[40] The Supreme Court held that when calculating an above-median-income debtor's projected disposable income under § 1325(b)(1)(B), the bankruptcy court could allow for changes in the debtor's *income or expenses* that are known or virtually certain *at the time of confirmation*.[41] Excluding known or ascertainable employee retirement contributions or loan repayments from disposable income is entirely consistent with *Lanning*'s reasoning even when the debtor first commences 401(k) withholding postpetition after not having participated in her employer's 401(k) plan prior to filing. Ms. Vanlandingham's contribution to her 401(k)

---

[39] *Cf.* § 541(b)(7) with § 541(b)(6). Like (b)(7), § 541(b)(6) excludes contributions to 529 accounts (college tuition savings) from property of the estate. But unlike (b)(7), those 529 contributions are *not* excluded from the calculation of disposable income. Moreover, unlike (b)(7), § 541(b)(6) *does* have a temporal limitation on the exclusion from property of the estate. It only excludes contributions made in the 365 days before the bankruptcy petition date.
[40] 560 U.S. 505, 130 S.Ct. 2464, 177 L.Ed 2d 23 (2010).
[41] 130 S. Ct. at 2478. *See also, Ransom v. FIA Card Services, N.A.,* 562 U.S. 61, 131 S. Ct. 716, 178 L.Ed. 2d 603 (2011) (applying *Lanning* to the expense side and disallowing auto ownership expense deduction where debtor did not own a car at the petition date); *Morris v. Quigley (In re Quigley),* 673 F.3d 269, 273 (4th Cir. 2012) (even though *Lanning* involved known changes in debtor' income, the *Lanning* reasoning also applies to known changes in debtor's expenses).

17

Case 13-12642    Doc# 55    Filed 09/30/14    Page 17 of 19

plan through wage withholding was fully disclosed prior to confirmation.

*Preventing Abuse*

No doubt some debtors might try to distort their projected disposable income calculation by starting or substantially increasing their retirement contributions or loan repayments after filing at the expense of their creditors. But Ms. Vanlandingham is not one of them. She seeks to contribute a modest 4% of her income, well below what she could lawfully withhold for tax purposes. She testified that with the rearrangement of her debts through her chapter 13 bankruptcy, she could participate in her company's 401(k) plan for the first time in her 10-year employment with Cox Communications. Saving or providing for eventual retirement is a laudable step toward financial security and is part of an honest debtor's fresh start.[42]

And when an "abusive" case presents itself, the trustee and unsecured creditors are well-armed with the ability to object to confirmation for lack of good faith under §1325(a)(3).[43] Indeed, lack of good faith permeates many of the cases interpreting § 541(b)(7).[44] The trustee did not make that objection here and based on

---

[42] *Devilliers,* 358 B.R. at 865.
[43] Section 1325(a)(3). *See In re Jensen,* 496 B.R. 615, 622-24 (Bankr. D. Utah 2013) (discussing continued vitality of good faith inquiry of debtor's voluntary retirement contributions); *In re Hall,* 2013 WL 6234613 at *11 (Bankr. N.D. Ill. Oct. 22, 2013) (fear of abuse not well-grounded due to § 1325(a)(3) good faith requirement).
[44] Indeed, in both *Prigge* and *Johnson,* objections to confirmation were made both on the basis of the disposable income calculation and lack of good faith. *See also In re Jensen,* 496 B.R. 615 (Bankr. D. Utah 2013); *In re Rodriguez,* 487 B.R. 275 (Bankr. D. N.M. 2013).

18

the debtor's demeanor at trial and the motivation and sincerity she demonstrated, I doubt that such an objection would have been sustained. There likely are circumstances in which the voluntary postpetition commencement of 401(k) contributions may constitute a lack of good faith, but none is present in this case.

Conclusion

The exclusion of debtor's voluntary postpetition 401(k) contributions from disposable income on Form 22C at line 55 is proper and provided for by the hanging paragraph of § 541(b)(7). The trustee's disposable income objection to confirmation is OVERRULED. The plan, as modified to make it feasible, is CONFIRMED.

# # #